UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NOS.          07-99 (ESH) |
| | : | |
| ROBERT LEE FOSTER | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following sentencing recommendation and reasons in support of such recommendation:

1.    On April 25, 2007, the defendant pleaded guilty to four counts of Bank Robbery, in violation of 18 U.S. Code § 2113(a).  The Presentence Investigation Report correctly calculates the defendant's Sentencing Guidelines range at 70 to 87 months imprisonment.  The plea agreement in this case does not preclude either party from allocuting for a sentence outside that Guideline range.  *See* Plea Agreement filed April 25, 2007, at ¶¶ 5, 6.  For the reasons set forth herein, the government requests that the Court sentence the defendant to 87 months imprisonment, which sentence is at the high end of the applicable Guidelines range and satisfies the objectives of the 18 U.S.C. § 3553(a).

Facts

2.    On June 13, 2006, and again on October 26, 2006, the defendant walked into the M&T Bank at 6434 Georgia Ave., N.W., Washington, D.C, and presented a teller with a note that indicated that he had a gun and demanded money.  The defendant obtained a total of $14,027 from those robberies.  Similarly, on December 13, 2006, the defendant walked into the United Bank at 16268 S. Frederick Ave., Gaithersburg, Maryland, and a few minutes later, the Sandy Spring Bank a short

distance away at 484 N. Frederick Ave., Gaithersburg, Maryland, and presented a teller with a note

that indicated that he had a gun and demanded money.  The defendant obtained $600 and $1341,

respectively, from those robberies.

Acceptance of Responsibility

3.    The government agrees that the defendant should receive an additional one point

adjustment for acceptance of responsibility pursuant to §3E1.1(b) of the Sentencing Guidelines.  *See*

Plea Agreement filed April 25, 2007, at ¶ 5.

Sentencing Recommendation

4.    The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), ruled that the

Sentencing Guidelines are advisory rather than mandatory.  However, the Court made clear that in

determining the appropriate sentence for a defendant, federal courts still are required to calculate and

consider the applicable Guidelines range, refer to the pertinent Sentencing Commission policy

statements, and bear in mind the need to avoid unwarranted sentencing disparities and to provide

restitution to victims.  *Id.* at 259-60.  Moreover, in determining an appropriate sentence for the

defendant, federal courts also must continue to consider the need for the sentence imposed to

accomplish the following sentencing objectives:  (1) reflect the seriousness of the offense; (2)

promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect

the public; and (6) effectively provide the defendant with needed educational or vocational training

and medical care.  *Id.* at 260; *see also* 18 U.S.C. § 3553(a)(2).

5.    Arguably, the applicable Sentencing Guidelines range is the most important factor the

Court can consider in sentencing the defendant in this case because this range is calculated based

upon the Sentencing Commission's careful consideration of all of the factors the Supreme Court and

Congress have directed courts to consider in sentencing defendants.  Indeed, the Supreme Court recently held that Courts of Appeal "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines," thus validating the D.C. Circuit's practice of doing so.  *United States v. Rita*, ___ U.S. ___, 127 S.Ct. 2456, 2462 (2007).  *See also, United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006) ("We agree with our sister circuits that a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness.")  The applicable Guidelines range in this case reflects an intensive objective analysis of sentences imposed on defendants similarly situated to defendant and is a critical tool to avoid unwarranted sentencing disparities.  According to the Presentence Investigation Report, the defendant has a total offense level of 25 and a criminal history category of III, resulting in a Guidelines range of 70 to 87 months.

6.      Turning specifically to the § 3553(a) factors, the defendant's violent offenses unquestionably are serious and for that reason alone, warrant a lengthy sentence of incarceration.  In each instance, the defendant issued an implied threat that he would use deadly force to obtain his demand for money.  The victims were at work when accosted and thus were robbed not just of the bank's money, but more importantly, of their security in a place where they must come every day to earn a living.  As one victim aptly said, "The act wasn't as bad as what followed."  She thinks about being watched and cannot relax.  Although she loves her job, she no longer feels safe in what she once considered a comfortable place to work.  "It's unjust to take that away from someone."[1]

---

[1]      None of the teller victims wanted to participate formally in the sentencing process; however, three expressed their views of the offense to the undersigned Assistant for the Court's consideration at sentencing.  In addition to the account discussed above, one victim stated that he had worked in a bank for four years and never before been robbed.  He described being scared during the robbery, shocked afterward, and wary for a few more weeks.  "But it's

7.    The other § 3553(a) factors also support a lengthy sentence of incarceration in this case. As this Court well knows, substance abusers such as the defendant wreak havoc not only on their own lives; they also cause despair among family members who suffer alongside them and plague society with their lost potential and the costs of their criminal conduct. The defendant's lifelong addiction to narcotics has borne all of these consequences. As the Presentence Investigation Report reflects, the offenses in the instant cases are not the first time that the defendant has resorted to violent behavior to fuel his addiction. The defendant has proven himself to be unable or unwilling to abide by the law, having now incurred at least seventeen adult arrests and six convictions, as well as numerous parole violations. By his own admission, he also supported his addiction for ten years in large part by stealing and selling drugs. The defendant also has proven himself to be unable or unwilling to abide by his obligations to his family and society. He apparently does not pay taxes on the considerable earnings he makes as a free lance barber, and he has squandered much of the money he earned on feeding his drug habit instead of providing financial support to his children. A lengthy sentence of incarceration appears to be the only alternative available to the Court at this point to protect the public from the defendant and to send him a clear message that his continued criminal conduct will not be tolerated. A sentence of 87 months imprisonment therefore not only is consistent with the Sentencing Guidelines and Congress's goal of ensuring uniformity in sentencing, but also is entirely appropriate and necessary to satisfy Congress's other stated sentencing objectives.

---

over now." Another victim expressed her desire that the defendant get the maximum sentence because he was bold enough to rob the bank twice, and he had "no business doing that."

WHEREFORE, the United States respectfully requests that the Court impose a sentence of

87 months imprisonment in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:        _____/s/_____

ANGELA G. SCHMIDT
Assistant United States Attorney
Texas Bar No. 17764980
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-7273
Angela. Schmidt@usdoj.gov